# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2871
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Christopher Lindsey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 8, 2024
Filed: May 16, 2024
[Unpublished]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Aaron Lindsey pleaded guilty to one count of making false statements to a financial institution and conditionally pleaded guilty to one count of being a felon in possession of a firearm, preserving his right to appeal the district court's[1] denial of

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

his motion to dismiss the felon-in-possession charge. He was sentenced to 48 months' imprisonment. Lindsey now appeals, arguing that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), violates the Second Amendment both on its face and as applied to him.

Precedent forecloses Lindsey's contentions. "The longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023); *see United States v. Jackson*, 69 F.4th 495, 502-06 (8th Cir. 2023) (explaining that § 922(g)(1) is consistent with the nation's history and tradition). And our cases rule out the "need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Jackson*, 69 F.4th at 502; *Cunningham*, 70 F.4th at 506. Lindsey acknowledges as much. Accordingly, his facial and as-applied constitutional challenges to § 922(g)(1) fail.

Affirmed.

_____